SALCINES, Judge.
Jeffery M. Riley petitions this court to issue a writ of certiorari quashing the cir *735 cuit court order which compelled him and his two minor daughters to submit to psychological examinations. We grant the petition.
The order was entered in a dissolution matter after the trial court received a letter from the pediatrician for the parties’ children. Based upon the contents of the letter, the trial court entered the order which is the subject of this petition.
There was no pending motion to request that Mr. Riley be required to submit to a psychological examination. No hearing was conducted prior to the entry of the order or on rehearing to allow Mr. Riley to respond to the letter from the pediatrician. Mr. Riley’s due process rights clearly were violated, and the trial court departed from the essential requirements of law when it entered the order directing him to submit to a psychological examination.
With regard to the children’s compelled psychological examinations, Izabela B. Riley responds to the petition and argues that the examinations were authorized under the ruling of the trial judge who previously had been assigned to this dissolution case. The prior judge had reserved ruling on a motion to compel psychological examinations of the children and stated, “[Mrs. Riley] is hereby granted leave to provide more information concerning the usefulness or appropriateness of such testing. The Court will convene such hearing as may be necessary to rule on any renewed motion in this regard.” The successor judge considered the letter from the children’s pediatrician to be sufficient evidence to support the order for psychological examinations of Mr. Riley and the children.
The record reveals that there was no “renewed motion” for psychological examinations of the children filed prior to entry of the order compelling the examinations. Further, because the trial court did not conduct a hearing prior to entering the order or on rehearing to afford the parties their right to cross-examine the doctor and to present their arguments against such examinations, the due process rights of the children were also violated.
The trial court departed from the essential requirements of law by entering the order directing Mr. Riley and the children to submit to psychological examinations. The error is one for which there is no adequate remedy upon direct appeal.
The petition is granted. The “Order Requiring Psychological Evaluations of Minor Children and Husband” dated May 25, 2005, is quashed.
CASANUEVA and CANADY, JJ., Concur.