# Third District Court of Appeal

## State of Florida

Opinion filed February 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2192
Lower Tribunal No. 25-252-FC-04
_____

**Monica Ruiz,**
Petitioner,

vs.

**Richard-Alexander D'Arbelles,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Marcia Del Rey, Judge.

Cristobal D. Padron & Associates, P.A., and Cristobal D. Padron, for petitioner.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., and Jason R. Marks, Kody Trespalacios, and Briana A. Harris, for respondent.

Before EMAS, GORDO and BOKOR, JJ.

PER CURIAM.

Monica Ruiz ("Ruiz") petitions this Court for a writ of certiorari to quash the trial court's order granting Richard-Alexander D'Arbelles' ("D'Arbelles") motion to compel her to complete a psychological evaluation. She argues the trial court's order departs from the essential requirements of law, resulting in irreparable harm that cannot be remedied on appeal. We grant the petition and quash the challenged order.

"An order compelling a psychological examination is reviewable by certiorari because the alleged harm will not be remediable on appeal." Childs v. Cruz-Childs, 353 So. 3d 119, 121 (Fla. 2d DCA 2022) (quoting Ludwigsen v. Ludwigsen, 313 So. 3d 709, 712 (Fla. 2d DCA 2020)). "Because 'a forced psychological examination has serious privacy implications, people have the right to be free from compulsory examination absent circumstances meeting the legal requirements.'" B.R. v. Dep't. of Child. and Fams., 315 So. 3d 80, 82 (Fla. 3d DCA 2020) (quoting Oldham v. Greene, 263 So. 3d 807, 813 (Fla. 1st DCA 2018)). "Thus, the order requiring the parties to submit to psychological examinations is a departure from the essential requirements of law unless both the 'in controversy' and the 'good cause' prongs were established." Pearson v. Pearson, 332 So. 3d 53, 54 (Fla. 3d DCA 2021) (citing Wade v. Wade, 124 So. 3d 369, 374 (Fla. 3d DCA 2013)).

In family law cases, ordering a psychological evaluation is governed by Rule 12.360, Florida Family Law Rules of Procedure. Rule 12.360 provides "[a] party may request any other party to submit to . . . examination by a qualified expert when the condition that is the subject of the requested examination is in controversy." Fla. Fam. L. R. P. 12.360(a)(1). "Examinations may include, but are not limited to, examinations involving physical or mental condition[.]" Id. "In cases in which the condition in controversy is not physical, a party may move for an examination by a qualified expert as in subdivision (a)(1)." Fla. Fam. L. R. P. 12.360(a)(1)(B). "The order for examination may be made only after notice to the person to be examined and to all parties, and must specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Id. "An examination under this rule is authorized only when the party submitting the request has good cause for the examination." Fla. Fam. L. R. P. 12.360(a)(2). "At any hearing the **party submitting the request** has the **burden of showing good cause**." Id. (emphasis added).

The requirements of Rule 12.360 were not satisfied in this case. Prior to the September 24, 2024, hearing on the "motion to compel completion of psychological evaluation of wife," D'Arbelles, through counsel, unilaterally

3

filed a notice of psychological evaluation of Ruiz on law firm letterhead. He never filed with the trial court a motion requesting Ruiz be ordered to submit to a psychological evaluation by a qualified expert. During the September 24, 2024, hearing, the trial court heard only counsels' argument before granting D'Arbelles' motion to compel and ordering Ruiz to undergo a psychological evaluation. No evidence was presented, no witnesses were called and no testimony was taken to establish that Ruiz's mental condition was "in controversy" and that "good cause" existed for ordering her to undergo a psychological evaluation. By failing to follow the requirements of Rule 12.360, the trial court departed from the essential requirements of the law resulting in irreparable harm that cannot be remedied on appeal. See Riley v. Riley, 915 So. 2d 734, 735 (Fla. 2d DCA 2005) (holding the trial court violated father's due process rights and departed from essential requirements of law by ordering a psychological examination with no pending motion to request he submit to a psychological examination and no hearing conducted to allow him to respond to the pediatrician letter); Pearson, 332 So. 3d at 54 (holding that an order requiring the parties to submit to psychological examinations is a departure from the essential requirements of law where the record does not contain pleadings specifically alleging parties' mental condition in controversy).

Petition granted; order quashed.